Re: Motion for leave to file a motion to intervene in *People Of The State Of New York, By Letitia James v. Red Rose Rescue,* No. 7:23-cv-04832 (KMK) (S.D.N.Y.)

To:     U.S. District Judge Kenneth Karas

July 26, 2023

**MEMO ENDORSED**

Dear Judge Karas,

      Pursuant to the pretextual 9/21/21 order that **a)** was issued by U.S. District Judge Valerie Caproni in *Butler v. City of New York*, No. 15-cv-3783 (VEC)(S.D.N.Y.) and **b)** is shown as the first exhibit within the annexed **Exhibit A**, I, Towaki Komatsu, declare under the penalty of perjury that I seek leave to file a motion to intervene in this case as an interested party for the following reasons that are about exposing a con artist and defending the constitutional rights of the defendants in public forums:

   1.  This case is about efforts by the New York State Attorney General's Office ("NYAG") to pretextually violate the First and Fourteenth Amendment rights of the defendants to assemble and express themselves in public forums after the following occurred:

      a.   Letitia James proved that she is a con artist and fake public advocate on 10/26/17 while lying to my face near the entrance to a public school located at 350 Fifth Avenue in Brooklyn as NYPD Inspector Howard Redmond and other City of New York personnel criminally prevented me from lawfully attending a public town hall meeting in Brooklyn that members of the public conducted with Bill de Blasio and other incumbents in New York City's government while such incumbents and those who road their coattails were hell-bent on stealing New York City's 2017 government elections for the sake of job security and access to promotions. She told me then she would look into my illegal exclusion from that public forum before hindsight confirms that she lied to my face while demonstrating that she doesn't support military veterans. I am a Navy veteran.

      b.   After Ms. James engaged in grandstanding to become New York State's Attorney General, the NYAG under her management unconscionably defended the illegal acts and omissions of New York State court officers against me on 5/23/17 in a public hallway inside of the Bronx Supreme Court while they conspired and colluded with members of Bill de Blasio's NYPD security detail that Mr. Redmond then headed to criminally prevent me from lawfully attending a public resource fair meeting that was held during what was then "Fleet Week" in New York City in the Veterans Memorial Hall chamber of that courthouse. The 1/11/19 filing by Monica Hanna of the NYAG in *Komatsu v. City of New York*, No. 18-cv-3698 (LGS)(GWG)(S.D.N.Y. Sep. 27, 2021) is about that.


s_/Towaki Komatsu        300 Skillman Ave.     Tel: 305-784-7450
                                    Brooklyn, NY 11211   E-mail: Towaki_Komatsu@yahoo.com

# Exhibit A

Case 7:23-cv-04832-KMK   Document 28   Filed 07/20/23   Page 2 of 6

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/2/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SANDRA BUTLER; RICKY GIBSON; O'BRIEN MORRIS; RICHARD EMMETT; ROSELLE DIAZ; KEVIN FAISON; SHANIQUA JACKSON; CENTER FOR INDEPENDENCE OF THE DISABLED, NEW YORK; AND COALITION FOR THE HOMELESS, *for themselves and on behalf of all others similarly situated*,

Plaintiffs,

-against-

CITY OF NEW YORK; THE NEW YORK CITY DEPARTMENT OF HOMELESS SERVICES; STEVEN BANKS, *as Commissioner of the New York City Department of Homeless Services*,

Defendants.

15-CV-3783 (VEC)

ORDER IMPOSING FILING RESTRICTIONS PURSUANT TO 28 U.S.C. §1651

VALERIE CAPRONI, United States District Judge:

WHEREAS on August 10, 2021, the Court denied Mr. Komatsu's request to intervene in this matter, Endorsement, Dkt. 125;

WHEREAS a review of court dockets shows that since 2020, Mr. Komatsu has filed similar meritless, non-party requests — usually motions to intervene under Federal Rule of Civil Procedure 24 — in at least thirteen cases, and various judges of this court have denied his motions, *see, e.g.*, *Nat'l Coal. on Black Civic Participation v. Wohl*, 20-CV-8668, ECF No. 115 (S.D.N.Y. May 28, 2021); *People of the State of New York v. City of New York*, 21-CV-322, ECF No. 88 (S.D.N.Y. Apr. 28, 2021); *Chinese Am. Citizens Alliance Greater New York v. New York City Dep't of Educ.*, 20-CV-8964, ECF No. 25 (S.D.N.Y. Feb. 22. 2021); *Women for Am. First v. De Blasio*, 20-CV-5746, ECF No. 12 (S.D.N.Y. Aug. 18, 2020); *Unif. Fire Officers Ass'n v. DeBlasio*, 20-CV-5441, ECF No. 108 (S.D.N.Y. Aug. 13, 2020);

WHEREAS Mr. Komatsu's meritless non-party requests burden judges, court personnel, and the parties to those cases, who may understandably be confused as to how or whether to respond to the requests;

WHEREAS it is well settled that "courts may resort to restrictive measures that except from normally available procedures litigants who have abused their litigation opportunities," *In re Martin-Trigona*, 9 F.3d 226, 228 (2d Cir. 1993);

WHEREAS a court's power to restrict the litigation of abusive and vexatious litigants is an "ancient one" that is now codified at 28 U.S.C. § 1651(a), the All Writs Act, *see Polur v. Raffe*, 912 F.2d 52, 57 (2d Cir. 1990) (quoting *In re Hartford Textile Corp.*, 681 F.2d 895, 897 (2d Cir. 1982));

WHEREAS the Second Circuit has noted that "[s]ome courts have responded to vexatious litigants by completely foreclosing the filing of designated categories of cases" and that others "have adopted the less drastic remedy of subjecting a vexatious litigant to a 'leave of court' requirement with respect to future filings," *see In re Martin-Trigona*, 9 F.3d at 228;

WHEREAS "[t]he unequivocal rule in this circuit is that [a] district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard," *see Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998); *see also Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 334 (2d Cir. 1999) ("Due process requires that courts provide notice and opportunity to be heard before imposing *any* kind of sanctions" (cleaned up));

WHEREAS on August 16, 2021, given Mr. Komatsu's history of filing meritless requests in cases to which he is not a party, the Court entered an order requiring Mr. Komatsu to show

Case 1:23-cv-04832-VEC Document 126 Filed 08/22/23 Page 4 of 6

cause why he should not be enjoined from filing any further documents in cases to which he is not a party unless he complies with certain conditions, Order Dkt. 134;

WHEREAS the Court required Mr. Komatsu to show cause by no later than Monday, August 30, 2021, *see id.*;

WHEREAS the Court informed Mr. Komatsu that if he failed to submit a declaration within the time directed, or if his declaration did not set forth good cause, Mr. Komatsu would be enjoined from filing documents in cases to which is not a party unless he complied with certain conditions, *see id.*; and

WHEREAS Mr. Komatsu did not submit a declaration by the August 30, 2021 deadline or any time thereafter;

IT IS HEREBY ORDERED that Mr. Komatsu is enjoined from filing any documents in cases to which he is not a party unless he complies the following conditions: Any document that Mr. Komatsu seeks to file in a case to which he is not a party must include (1) a copy of this order; and (2) a one-page, double-spaced declaration (the page must have margins of at least 1 inch on both sides and at the top and bottom), submitted under penalty of perjury, stating his legal interest in the matter and why he should be permitted to move to intervene. The one-page document must be titled: "Motion for Leave to File a Motion to Intervene."

IT IS FURTHER ORDERED that the Clerk's Office is directed not to docket any document that Mr. Komatsu submits that does not comply with the above conditions and not to return to Mr. Komatsu any document that does not comply with this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to mail a copy of this order to Towaki Komatsu, 802 Fairmount Pl., Apt. 4B, Bronx, NY 10460, and to note the mailing on the docket.

SO ORDERED.

Date: September 2, 2021
New York, NY

VALERIE CAPRONI
United States District Judge

Mr. Komatsu's Motion To Intervene is denied.

Rule 24(a) of the Federal Rules of Civil Procedure provides that "[o]n timely motion, the court must permit anyone to intervene who ... is given an unconditional right to intervene by federal statute." Fed.R.Civ.P. 24(a)(1). Intervention of right under Federal Rule of Civil Procedure 24(a)(2) is proper when all of the following conditions are met:

(1) the motion is timely; (2) the applicant asserts an interest relating to the property or transaction that is the subject of the action; (3) the applicant is so situated that without intervention, disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the applicant's interest is not adequately represented by the other parties.

*MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc.*, 471 F.3d 377, 389 (2d Cir. 2006) (citing *United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 70 (2d Cir. 1994)). "A district court has broad discretion ... to determine whether to permit intervention" under Rule 24(b)(1)(B). *St. John's Univ. v. Bolton*, 450 F. App'x 81, 84 (2d Cir. 2011) (citing *Restor-a-Dent Dental Labs., Inc. v. Certified Alloy Prods., Inc.*, 725 F.2d 871, 876 (2d Cir. 1984)); *see also, e.g., Floyd v. City of New York*, 770 F.3d 1051, 1062 n.38 (2d Cir. 2014) (observing that a denial of permissive intervention "has virtually never been reversed" (quoting *Catanzano ex rel. Catanzano v. Wing*, 103 F.3d 223, 234 (2d Cir. 1996))).

The Second Circuit has held that "for [a movant's] interest to be cognizable under Rule 24(a)(2), it must be 'direct, substantial, and legally protectable.'" *Brennan v. N.Y.C Bd. of Educ.*, 260 F.3d 123, 129 (2d Cir. 2001) (quoting *Washington Elec. Coop., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 922 F.2d 92, 97 (2d Cir. 1990)). "An interest that is remote from the subject matter of the proceeding, or that is contingent upon the occurrence of a sequence of events before it becomes colorable, will not satisfy the rule." *Washington Elec.*, 922 F.2d at 97. Nor will "interests of a general or indefinite character." *H.L. Hayden Co. of NY. Inc. v. Siemens Medical Sys., Inc.*, 797 F.2d 85, 88 (2d Cir. 1986).

Mr. Komatsu has not identified any interest that he has that relates to any property or transaction that is the subject of this Action. Nor has he provided any explanation as to how disposition of this action would impair or impede his ability to protect his own interests. Thus, his request must be denied. *See, e.g., Dubarry v. Annucci*, No. 21-CV-5487 (KMK), 2022 WL 17850435, at *2 (S.D.N.Y. Dec. 22, 2022) (denying motion to intervene where proposed intervenor failed to demonstrate he had an interest at stake in the action).

SO ORDERED

7/27/2023

4