UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PEOPLE OF THE STATE OF NEW YORK, BY LETITIA JAMES, *Attorney General of the State of New York*,<br><br>  Plaintiff,<br><br>  v.<br><br>RED ROSE RESCUE, CHRISTOPHER MOSCINSKI, MATTHEW CONNOLLY, WILLIAM GOODMAN, LAURA GIES, JOHN HINSHAW, *and* JOHN AND JANE DOE, *the last two named being fictitious names, the real names of such persons being currently unknown but who are active in defendant organization or act in concert with the above-named individuals to engage in, or who will engage in, the conduct complained of herein*,<br><br>  Defendants. | No. 23-CV-4832 (KMK)<br><br>ORDER |

      Upon consideration of the Complaint filed by Plaintiff the Office of the New York State Attorney General (the "OAG"), the OAG's Motion for a Preliminary Injunction (the "Motion"), the affidavits and evidence submitted in connection with that Motion, and the oral argument held on the OAG's Motion—and for the reasons stated in this Court's Opinion and Order dated December 7, 2023, (Dkt. No. 55)—the Court finds that the OAG has shown by a preponderance of the evidence that irreparable harm is likely if injunctive relief is not granted, that it is likely to succeed on the merits, that a preliminary injunction is in the public interest, and that it is therefore entitled to injunctive relief under the Freedom of Access to Clinic Entrances Act, 18

U.S.C. § 248 (the "FACE Act"), and the New York Clinic Access Act, N.Y. Civ. Rights Law § 79-m (the "NYSCAA").[1]

It is therefore ORDERED that Defendants Christopher Moscinski, Matthew Connolly, William Goodman, Laura Gies, John Hinshaw, and Red Rose Rescue (collectively, "Defendants"), and all other persons, known or unknown, acting on their behalf or in concert with them, and receiving actual or constructive notice of this Order, are enjoined and restrained from knowingly being present within fifteen feet of either edge of any doorway, walkway, or driveway entrance of any facility providing reproductive health care services, which services include medical, surgical, counselling, or referral services relating to the human reproductive system, including services relating to pregnancy or the termination of a pregnancy, whether in a hospital, clinic, physician's office, or any other facility that is licensed pursuant to Article 28 of the New York Public Health, with the intent to injure, intimidate, or interfere with any person because that person is or has been obtaining or providing reproductive health services, as proscribed by the FACE Act and the NYSCAA, in either the Southern or Eastern Districts of New York, which cover New York, Bronx, Westchester, Putnam, Rockland, Orange, Dutchess, Sullivan, Nassau, Suffolk, Kings, Queens, and Richmond Counties; and

IT IS FURTHER ORDERED that this Order may be enforced by a motion for criminal and/or civil contempt;

IT IS FURTHER ORDERED that, except as set forth herein and in this Court's Opinion and Order dated December 7, 2023, (Dkt. No. 55), nothing in this Order shall be construed to

---

[1] In issuing this Order, the Court has considered the Parties' submissions regarding the specific language reflected herein. (*See* Dkt. Nos. 59, 61.)

limit Defendants and those acting in concert with them from exercising their legitimate rights under the First Amendment of the United States Constitution;

IT IS FURTHER ORDERED that the restrictions imposed by this Order shall not prohibit Defendants and those acting in concert with them from bona fide efforts to obtain medical care for themselves, their relatives, or their personal friends, or bona fide visits to relatives or personal friends who are patients at medical facilities;

IT IS FURTHER ORDERED that nothing in this Order shall be construed to supersede or diminish the obligation of federal, state, and local law enforcement authorities to fulfill their duties and responsibilities in enforcing federal and state laws and local ordinances;

IT IS FURTHER ORDERED that nothing in this Order shall be construed to limit or interfere with the ability of federal, state, and local law enforcement authorities to take, if necessary, additional measures under the law, above and beyond the restrictions contained in the Order, to maintain order and keep the peace; and

IT IS FURTHER ORDERED that this Order shall remain in full force and effect until modified by further order, or until final resolution by this Court of the claims for permanent injunctive relief in the above-captioned matter.

SO ORDERED.

Dated:   December 15, 2023
         White Plains, New York

                                               KENNETH M. KARAS
                                               United States District Judge