**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

February 22, 2024

**BY ECF**
The Honorable Kenneth M. Karas
United States District Judge
United States Courthouse
300 Quarropas Street
White Plains, NY 10601

Re: *People of the State of New York, by Letitia James v. Red Rose Rescue, et al.*, 23 Civ. 4832 (KMK)

Dear Judge Karas:

We write on behalf of the United States to seek a pre-motion conference to address the government's anticipated motion to intervene in the above-referenced lawsuit filed pursuant to the Freedom of Access to Clinic Entrances (FACE) Act, 18 U.S.C. § 248. In the alternative, the United States respectfully requests that the Court construe this letter and the enclosed proposed Complaint-in-Intervention (the "Proposed Complaint") as a motion to intervene and grant the motion.

The United States has notified the parties—the People of the State of New York ("Plaintiff") and Red Rose Rescue, Christopher Moscinski, Matthew Connolly, William Goodman, Laura Gies, and John Hinshaw ("Defendants")—of its proposed motion. Plaintiff consents to the United States' motion to intervene. Defendants will respond to this letter within seven days pursuant to Your Honor's Individual Rule II.A.

The Proposed Complaint alleges that defendants Red Rose Rescue, Christopher Moscinski, William Goodman, and Matthew Connolly, who are also named as defendants in the action brought by Plaintiff, violated the FACE Act by using physical obstruction to intentionally interfere with people obtaining or providing reproductive health services at the All Women's Health center in White Plains. The Proposed Complaint seeks civil penalties, damages, and injunctive relief, which are also categories of relief requested by Plaintiff.

**A. The United States is Entitled to Intervene as of Right**

Federal Rule of Civil Procedure 24(a)(2) states that upon a timely motion, the Court must permit anyone to intervene who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." To prevail on a motion to intervene as of right, an applicant must "(1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected

adequately by the parties to the action." *Floyd v. City of New York*, 770 F.3d 1051, 1057 (2d Cir. 2014) (internal quotation marks and citation omitted). "A district court has broad discretion in assessing the timeliness of a motion to intervene, which 'defies precise definition.'" *In re Holocaust Victim Assets Litig*., 225 F.3d 191, 198 (2d Cir. 2000) (quoting *United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 70 (2d Cir. 1994)). "Generally, the court's analysis must take into consideration the totality of the circumstances." *Id*. (internal citation omitted).

*Timeliness*. When determining timeliness of any motion to intervene, "the most significant criterion … is[] whether the delay has prejudiced any of the existing parties." *United States for Use of Preferred Masonry Restoration, Inc. v. Int'l Fid. Ins. Co.*, No. 17 Civ. 1358 (KMK), 2019 WL 4126473, at *3 (S.D.N.Y. Aug. 30, 2019) (internal quotation marks and citation omitted). Other factors that courts may consider include "how long the applicant had notice of the interest before it made the motion," the "prejudice to the applicant if the motion is denied," and "any unusual circumstances militating for or against a finding of timeliness." *Id.* Moreover, the "timeliness requirement is flexible and the decision is one entrusted to the district judge's sound discretion." *Floyd,* 770 F.3d at 1058 (quoting *U.S. v. Yonkers Bd. Of Educ.*, 801 F.2d 583, 594-95 (2d Cir. 1986)).

The United States' motion to intervene is timely because the motion does not prejudice the existing parties. This case was filed in June 2023 and in September 2023, the United States filed a Statement of Interest and participated in oral argument on the preliminary injunction motion. No substantial discovery proceedings in this case have taken place, and thus, intervention will not delay the case. *See Preferred Masonry*, 2019 WL 4126473, at *3 (motion timely where no "substantive proceedings," like depositions, had occurred). Defendants' answers were filed on January 31, 2024, and the deadline for fact discovery is not until May 31, 2024. ECF 64, 65. While some of the Defendants would need to answer the Proposed Complaint, many allegations in the Proposed Complaint overlap with the Plaintiff's complaint. Accordingly, the discovery sought by the United States would be substantially similar to the discovery that Plaintiff already intends to take and would not prejudice the parties.

*The United States' Substantial Interest.* The United States has a strong interest in the uniform application of the FACE Act. Its prominent enforcement role is reflected in the statutory authorization given the Attorney General to commence a legal action whenever he has reasonable cause to believe that any person may have been injured by conduct violating the FACE Act, *see* 18 U.S.C. 248(c)(2), and because the United States also enforces the FACE Act's criminal provisions, 18 U.S.C. §§ 248(a), (b). The United States has a particular interest in this matter, as this Office previously brought several proceedings under the FACE Act against defendant Moscinski and obtained an injunction against him, which Moscinski violated. *See United States v. Lynch*, 162 F.3d 732 (2d Cir. 1998). The government therefore has a strong interest in continuing to ensure that this defendant complies with the laws of the United States.

*Impairment of Interest and Adequate Representation.* Resolution of this case without intervention "may as a practical matter impair or impede" the United States' ability to protect its interest, Fed. R. Civ. P. 24(a)(2), in seeking broad and systematic injunctive relief to prohibit violations of the FACE Act. Plaintiff may also not represent the United States' interests

adequately, at least in part because the statewide injunction that Plaintiff seeks is geographically narrower than the injunction that the United States is authorized to seek.

**B. The United States Should Be Granted Permissive Intervention**

Rule 24(b)(1) provides that upon timely motion, a court may permit anyone to intervene who "(A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact." A court, in exercising its discretion, "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). "A 'district court's discretion under Rule 24(b) is broad.'" *New York v. United States Dep't of Health & Hum. Servs.*, No. 19 Civ. 4676 (PAE), 2019 WL 3531960, at *6 (S.D.N.Y. Aug. 2, 2019) (citing *Restor-A-Dent Dental Labs., Inc. v. Certified Alloy Prods., Inc.*, 725 F.2d 871, 876 (2d Cir. 1984)).

As discussed above, the United States' motion to intervene is timely. The United States' claims also clearly share common questions of fact and law with Plaintiff's claims in this action, as the claims concern the same incident, involving the same defendants, at All Women's Health in White Plains. Both the United States and Plaintiff allege that Red Rose Rescue members Moscinski and Goodman occupied the waiting room; that Connolly knelt and laid down in a doorway with his body; and that the protestors refused police officers' directions to leave. And, as discussed above, the intervention will not delay or prejudice the proceedings because no substantial discovery proceedings have occurred, and the United States expects that any fact discovery it seeks will be substantially similar to the fact discovery Plaintiff already intends to seek in the action. Further, judicial economy would be served by granting the motion for intervention, because if the United States were to file a separate lawsuit to protect its interest, similar issues in this action could lead to overlapping legal rulings and orders.

* * *

The Second Circuit has explained that "intervention is a procedural device that attempts to accommodate two competing policies: efficiently administrating legal disputes by resolving all related issues in one lawsuit, on the one hand, and keeping a single lawsuit from becoming unnecessarily complex, unwieldy or prolonged, on the other hand." *Pitney Bowes, Inc.*, 25 F.3d at 69 (citing *United States v. Texas E. Transmission Corp.,* 923 F.2d 410, 412 (5th Cir. 1991)). The United States' intervention in this matter successfully accommodates both of these policies.

For all of these reasons, the United States respectfully requests a conference to discuss the proposed motion, or in the alternative, that the Court accept this letter and the enclosed Proposed Complaint as the United States' motion to intervene and grant the motion.

Respectfully,

DAMIAN WILLIAMS
United States Attorney

By: */s/ Amanda Lee*

AMANDA LEE
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, NY 10007
Telephone: (212) 637-2781
Email: Amanda.Lee2@usdoj.gov

Encl.

CC: All Parties (By ECF)