**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

March 15, 2024

**BY ECF**
The Honorable Kenneth M. Karas
United States District Judge
United States Courthouse
300 Quarropas Street
White Plains, NY 10601

Re: *People of the State of New York, by Letitia James v. Red Rose Rescue, et al.*, 23 Civ. 4832 (KMK)

Dear Judge Karas:

We write on behalf of the United States to reply to the defendants' opposition letter (ECF No. 74) and arguments during the pre-motion conference held on March 11, 2024. Granting the United States' motion to intervene in this lawsuit would allow the United States to engage in discovery and pursue remedies it is statutorily authorized to seek and would also allow common issues of fact and law to be litigated in one lawsuit.[1]

*Timeliness.* The United States' application to intervene will not prejudice the parties. As discussed at the conference, the United States moved to intervene in this lawsuit, rather than file a separate lawsuit, to avoid the possibility of conflicting orders and schedules and requiring defendants or third-party witnesses to be deposed twice. In addition, we understand that the parties have served document requests but have not yet engaged in other substantial discovery proceedings, and as a result, discovery in this matter is still in the early stages.

The United States expects that the discovery it intends to seek in this action will largely, but not entirely, overlap with the categories of discovery sought by Plaintiff. Specifically, both the United States and Plaintiff would seek to depose the defendants and serve defendants with discovery requests concerning the incidents in New York. But because the United States is authorized to seek injunctive relief that is broader in scope than the statewide injunction that Plaintiff seeks, the United States also anticipates that it would: (a) ask additional questions at the depositions about incidents outside of New York; (b) subpoena documents from third parties, including those who reside out of New York State; and (c) identify and disclose a handful of witnesses—potentially around five—to support its requested relief. While the United States' involvement would therefore expand discovery, we respectfully submit that the additional

[1] The United States understands from the March 11, 2024 conference that the Court intends to convert the United States' letter motion into a motion to intervene and to rule on the motion after receiving the parties' opposition and reply letters.

discovery is targeted in scope, and this Office would seek to work cooperatively with the parties to minimize any additional work.

*Intervention as of Right.* The United States has a substantial interest in enforcing federal laws that grant individuals rights and protections, including the right to provide and receive reproductive health services free from interference. Moreover, the United States has an interest in enforcing the FACE Act against defendant Moscinski specifically, having previously obtained an injunction prohibiting him from violating the FACE Act. Specifically, in 1995, this Office filed a civil FACE Act complaint against Moscinski, among others, for blocking access to the Women's Medical Pavilion in Dobbs Ferry, New York, on one occasion in May 1995; the complaint also alleged that defendants had blocked access to the Pavilion numerous times since 1990. *United States v. Lynch*, No. 95 Civ. 9223 (JES) (S.D.N.Y. 1995). The district court issued a permanent injunction on February 23, 1996, "permanently enjoin[ing] [Moscinski] from violating, or aiding and abetting the violation of, the Freedom of Access to Clinic Entrances Act of 1994, 18 U.S.C. § 248, in any way[.]" *United States v. Lynch*, 952 F. Supp. 167, 168 (S.D.N.Y. 1997). Defendants appealed the entry of the injunction; the Second Circuit affirmed. *United States v. Lynch*, 104 F.3d 357 (2d Cir. 1996). The United States has also criminally prosecuted Moscinski in the Eastern District of New York. *United States v. Moscinski*, 22 Cr. 485 (JMA) (E.D.N.Y. 2022).[2] Accordingly, the United States has a long history with this defendant and an interest in continuing to obtain his compliance with the FACE Act.

Contrary to what defendants argue, the unique interests of the United States are not adequately represented by Plaintiff because the United States may seek broader injunctive relief outside of New York—particularly relevant here given the long history and broad scope of these defendants' actions in other states. Compl. ¶¶ 64-89.

In addition, defendants rely on *New York v. Scalia* to argue that the United States has not shown inadequacy of representation. No. 1:20-cv-1689-GHW, 2020 WL 3498755, at *2 (S.D.N.Y. June 29, 2020). But this case is inapt because it involves a private plaintiff seeking to intervene in a lawsuit filed by a government entity. Here, the United States is not a private party; rather, the federal government evaluates FACE Act violations nationwide, and has an interest in supporting both the proper and the uniform application of the law in this district and in other states.

*Permissive Intervention.* The United States should be granted permissive intervention, because its allegations share common issues of law and fact with that of Plaintiff's complaint. Defendants' arguments that the United States has waived legal or factual arguments because of the Court's preliminary injunction decision are misplaced. The United States does not seek to re-litigate any issues decided in connection with Plaintiff's request for a preliminary injunction.

---

[2] On August 24, 1996, Moscinski and others returned to the Pavilion and again blocked access to the clinic. *United States v. Lynch*, 96 Crim. Misc. 1 (S.D.N.Y.). Accordingly, on September 6, 1996, this Office charged them with criminal contempt, but the district court found defendants not guilty and dismissed the charges. *United States v. Lynch*, 952 F. Supp. 167 (S.D.N.Y. 1997). This Office appealed, *see United States v. Lynch*, No. 97-1097 (2d Cir. 1997); the Second Circuit found that it lacked jurisdiction to consider the appeal under 18 U.S.C. § 3731 and the Double Jeopardy Clause*, see United States v. Lynch*, 162 F.3d 732 (2d Cir. 1998).

Furthermore, the preliminary injunction order was just that—preliminary—and the Court has not yet reached a final determination on the merits; that determination will take into account evidence exchanged during discovery. Finally, while the United States could file its own separate lawsuit, it has not done so because it believes that such an action would be roundabout, inefficient, and a waste of party and judicial resources.

* * *

While the Court indicated a possibility of granting the United States' motion subject to a ruling that the United States be barred from seeking any extension of the discovery schedule, the United States respectfully submits that such a ruling would impair the United States' ability to adequately litigate its case and is not warranted. The United States will endeavor to complete discovery in the time that the Court has ordered, but understands that in the normal course of litigation, good cause may exist to extend the discovery schedule, including for factors outside the United States' control and despite its best efforts.

For all of these reasons, the United States respectfully requests that the Court grant the United States' motion to intervene and not limit the United States' ability to seek to modify the discovery schedule, in order to allow the United States the full scope of discovery that it anticipates seeking, as it has outlined in this letter.

Respectfully,

DAMIAN WILLIAMS
United States Attorney

By: *__/s/ Amanda Lee__*

AMANDA LEE
DANA WALSH KUMAR
Assistant United States Attorneys
86 Chambers Street, Third Floor
New York, NY 10007
Telephone: (212) 637-2781/2741
Email: Amanda.Lee2@usdoj.gov
Dana.Walsh.Kumar@usdoj.gov

CC: All Parties (By ECF)