

**LIFE LEGAL DEFENSE FOUNDATION**

DEFENDING THE DEFENDERS OF LIFE

July 26, 2024

Hon. Kenneth M. Karas
Chamber 533
United States Courthouse
300 Quarropas Street
White Plains, NY 10601

RE:   *People of the State of New York, by Letitia James v. Red Rose Rescue, et al.*,
      7:23-cv-04832-KMK

Dear Judge Karas,

On April 24, 2024, this Court approved a stipulation to bifurcate the liability and remedies phases of this lawsuit, and to set a briefing schedule for a motion for summary judgment on liability in the above-referenced matter. Doc. 82. A dispute has arisen between Plaintiff and Defendants as to the meaning of that stipulation.

The parties are not seeking any change to the briefing schedule.

The stipulation reads, in pertinent part:
> "The parties note that Defendants have agreed not to challenge the status of Red Rose Rescue as a legal entity capable of being sued or bound by an injunction nor will they challenge the admissibility or authenticity of video or photographic evidence Plaintiff submitted in connection with its Motion for a Preliminary Injunction. *Under those terms, Plaintiff has agreed to seek a liability determination based solely on the factual record it presented in its Motion*. The parties accordingly propose that they cease all discovery on liability and brief summary judgment on liability on the existing record.

Doc. 82 (emphasis added).

The stipulation goes on to set the dates for briefing and set rules for further discovery on remedies "including damages, penalties, and the scope of the injunction" should one or more defendants be found liable. *Id*.

On July 15, Plaintiff filed a Memorandum of Law in Support of Motion for Summary Judgment (Doc. 84), the Declaration of Sandra Pullman (Doc 84-2) and a Rule 56.1 Statement of Material Facts (84-1). Plaintiff did not file a motion for summary judgment.

Plaintiff's papers included dozens of citations to Defendants' Answers to the Complaint (Docs. 69, 70, 71) filed January 31, 2024. Also included were an unverified discovery response from Red Rose Rescue, Goodman, Hinshaw, and Connolly, dated April 1, 2024 (Exhibit 5 to the Declaration of Sandra Pullman (Doc. 84-7) and a video of a non-party, recorded in Washington

D.C., in October 2020, that was never in the record in this case (Exhibit 6 to the Declaration of Sandra Pullman (Doc. 84-8)).

The parties met and conferred via telephone and multiple e-mails. As a result of that process, Plaintiff agreed to withdraw Exhibit 6 (Doc. 84-8) and references to it in the Memorandum of Law (Doc 84 at 13-14, n. 3) and the Rule 56.1 Statement of Material Facts (Doc. 84-1 at ¶120). As a further result, Defendant RRR today served an amendment to the discovery response filed by Plaintiff as Exhibit 5 (Doc. 84-7). The amendment corrected an unintentionally erroneous representation made by counsel for RRR, an erroneous statement that was quoted by Plaintiff in the Memorandum of Law (Doc. 84 at 13-14, n.3 and 24, n.6) and the Rule 56.1 Statement of Material Facts (Doc. 84-1, ¶109(q) and 120).

However, Plaintiff stands on her decision to include the three Answers filed by Defendants despite stipulating that she would "seek a liability determination *based solely on the factual record*" of the preliminary injunction motion.

In light of the unambiguous language of the stipulation, it is not Defendants' burden to justify exclusion of the Answers -- which were indisputably not part of the preliminary injunction record -- from the papers supporting Plaintiff's motion for summary judgment (when that motion is filed).

Defendants note, however, that the Answers add nothing to Plaintiff's argument for liability for the three alleged violations of FACE charged in the Complaint. Plaintiff did not point to any material fact related to liability that relies on any Answer. Rather, Plaintiff uses the Answers to needlessly lengthen its already needlessly detailed Statement of Material Facts by the addition of extraneous material about, *inter alia*, the Defendants' conduct at other places and times, conduct that is irrelevant to the issue of liability here.

Defendants seek an order from this Court directing Plaintiff, by August 5, to:
1) File a motion for summary judgment.
2) Re-file its Memorandum of Law and Rule 56.1 Statement of Material Facts, omitting all references to the Defendants' Answers (as well as incorporating the agreed-to changes noted above).

Respectfully submitted,

*/s/ Catherine Short*
Catherine Short
Life Legal Defense Foundation
Counsel for Defendant Laura Gies

*/s/ Christopher A. Ferrara*
Christopher A. Ferrara
Thomas More Society
Counsel for Defendants Red Rose Rescue,
John Hinshaw, Will Goodman, and Matthew Connolly