

DEFENDING THE DEFENDERS OF LIFE

August 2, 2024

Hon. Kenneth M. Karas
Chamber 533
United States Courthouse
300 Quarropas Street
White Plains, NY 10601

RE:   *People of the State of New York, by Letitia James v. Red Rose Rescue, et al.*,
       7:23-cv-04832-KMK

Dear Judge Karas,

In Plaintiff's letter of August 1, Plaintiff fails to address the language that most unambiguously spells out the effect of the stipulation into which the parties entered: "Under those terms [i.e., concessions from Defendants], Plaintiffs has agreed to seek a liability determination based solely on the factual record it presented in its Motion [for a Preliminary Injunction]." Doc. 82. On the strength of that agreement with Plaintiff, among other concessions, defense counsel for Red Rose Rescue agreed not to contest the legal status of RRR as a suable legal entity.

Now Plaintiff completely ignores the key sentence in the stipulation. Instead, she focuses on the next sentence, which refers to "the existing record." The "existing record" clearly refers back to the factual record identified in the preceding sentence, the record Plaintiff presented in her Motion for a Preliminary Injunction.

Plaintiff says she "never contemplated such a prohibition" on using the defendants' Answers when she entered into the stipulation – again, without proffering any other interpretation of what "based solely on the factual record" of the preliminary injunction could possibly have meant when she agreed to it. She says that the stipulation "merely memorialized the parties' agreement that any then-outstanding discovery was unnecessary" – except that it clearly did more than that, where she stipulated that her motion for summary judgment would be "based solely" on the preliminary injunction record.

Plaintiff states, "Nowhere does the Stipulation state that any previously-filed materials would be off-limits in summary judgment briefing." The Stipulation states *exactly* that, which is *the whole point of the stipulation*: simplification of these proceedings given Plaintiff's preliminary success on the basis of the preliminary injunction record.  Accordingly, to save time and effort, Plaintiff agreed to seek a liability determination "based *solely*" on that same record. Again, Plaintiff has no explanation for her twisted interpretation of this unambiguous agreement.

Plaintiff claims that the unambiguous language of the stipulation produces a result which is "nonsensical, unworkable, and procedurally improper." But Plaintiff fails to explain why she cannot establish liability based simply on the record from the preliminary injunction, based on

which she has already been successful in obtaining a preliminary injunction. She fails to provide even a single example of a fact material to liability that relies on any defendant's answer.

In fact, Plaintiff relies on the Answers as support for a host of assertions are not plainly material to the issue of liability. *See e.g.,* Doc. 84-1, ¶¶12-15; 39-43; 86; 89; 108, 109(a)-(q), 110-114. The point of the Stipulation was precisely to avoid this kind of journey into the weeds of extraneous material. Plaintiff's irrelevant characterizations of events outside New York—factually rebuttable by, among other things, the exculpatory testimony of law enforcement and even clinic personnel on the scene of those out-of-state locations—have no relevance to *liability* under FACE for specific alleged conduct at specific locations in New York.

Contrary to Plaintiff's suggestion, Defendants do not object to Plaintiff's reliance on the Answers because there are erroneous representations in them. (*Cf.* Doc. 87, n.1) Indeed, the Answers contain sworn denials of some of Plaintiff's favorite allegations, for example, that Mrs. Gies lay on the floor screaming: "I am not leaving."   What Defendants seek to avoid is the hugely time-wasting exercise of having to respond, one-by-one, to dozens upon dozens of tendentious characterizations of Defendant' Answers as "material facts" when they are nothing of the kind.  Indeed, what Plaintiff proposes in her effort to escape the terms of the Stipulation she agreed to would only *multiply disputed issues* of *non-material* "facts".

In sum, Defendants object to Plaintiff's reliance on the Answers because: 1) there was an unambiguous agreement setting the limits on the record for the Motion for Summary Judgment; 2) Plaintiff violated that agreement; and 3) that violation creates significant unnecessary work for the defendants in responding to the Motion.

Plaintiff is correct that, pursuant to Rule 56 (c), the Court may consider the Answers if it chooses to do so. But Plaintiff's Memorandum and Rule 56.1 statement are heavily larded with matter immaterial to liability. Excluding the Answers will trim a great deal of that fat.[1]

Respectfully submitted,

*/s/ Catherine Short*
Catherine Short
Life Legal Defense Foundation
Counsel for Defendant Laura Gies

*/s/ Christopher A. Ferrara*
Christopher A. Ferrara
Thomas More Society
Counsel for Defendants Red Rose Rescue,
John Hinshaw, Will Goodman, and Matthew Connolly

---

[1] By contrast, Plaintiff's Motion for Summary Judgment (Doc. 88) is exceedingly sparse, not even giving notice of which defendants she is seeking to hold liable at which locations in the relevant jurisdiction of the State of New York.