UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X   Case No.
People of the State of New York, by LETITIA
JAMES, Attorney General of the State of New York,   7:23-cv-04832-KMK

                                        Plaintiff,

    -against-

Red Rose Rescue et al.,

                                        Defendants.
----------------------------------------------------------------X

## AMENDED
## RESPONSE BY DEFENDANTS CONNOLLY, GOODMAN, HINSHAW AND RED ROSE RESCUE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS

### GENERAL OBJECTIONS

**FIRST GENERAL OBJECTION:** Defendants Matthew Connolly, William Goodman, John Hinshaw and Red Rose Rescue (hereafter collectively referred to, where appropriate, as "these Defendants") object to Plaintiff's Document Requests dated May 9, 2025, to the extent they appear to seek the identities of persons who are not parties to this action and are not the subject of the summary judgment on liability issued March 25, 2025 (Dkt. 139). In this bifurcated proceeding, Plaintiff agreed (Joint Stipulation, Dkt. 82) that liability of these Defendants would be determined solely on the basis of the record presented with Plaintiff's Motion for a Preliminary Injunction, and this Court rejected Plaintiff's attempt to expand the record on liability to include these Defendants' Answers, noting that "the stipulation *plainly restricts the summary judgment record to that presented with the Motion for a Preliminary Injunction.*" (Opinion and Order on Summary Judgment, Dkt. 139 at 3 & n. 2)(emphasis added). The Stipulation further provides that during the remedies phase discovery will be limited "solely as to remedies for *those defendants found liable*-including damages, penalties, and the scope of the injunction." (Dkt. 82).

The case is now in the remedies phase as to these Defendants, based on what *these Defendants* are alleged to have done on the dates at issue. The remedies phase does not permit Plaintiff to seek the names of additional persons, including any and all mere associates of these Defendants, with the apparent intention of adding them to the case when such persons have not been sued, have not had any opportunity for a defense, and there is no finding of liability as to them. A permanent Injunction, if any, would operate only prospectively as to conduct occurring after its issuance and could not include persons never sued or given an opportunity to defend themselves. Therefore, these Defendants object to the Document Requests effectively being used to revisit liability discovery in violation of the Stipulation between the parties, in consideration of which Defendant Red Rose Rescue agreed not to challenge its alleged status as an unincorporated association capable of being sued.

**SECOND GENERAL OBJECTION**: These Defendants object to Plaintiff's definition No. 4 to the extent that it includes these Defendants' attorneys in this action or any other attorneys for any of these Defendants. These Defendants further object to these requests to the extent they seek documents covered by attorney-client privilege and/or attorney work product doctrine.

**THIRD GENERAL OBJECTION**: These Defendants object to Plaintiff's definition No. 10 ("Invasion"), as the definition is vague as to the meaning of "event" and overbroad as it apparently encompasses all pro-life expressive activity "at" any abortion clinic. As such it is unduly burdensome and invasive of these Defendants' right to expressive and associational privacy. For the purpose of responding to these Requests, these Defendants will define "Invasion" as being present without consent in an area in the exclusive possession of an abortion clinic, as opposed to, e.g., being on the public sidewalk adjacent to an abortion clinic.

**FOURTH GENERAL OBJECTION** These Defendants object to each instruction, definition, and Request to the extent that it purports to impose any requirement or discovery obligation greater than or different from those set forth by the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

These Defendants incorporate by reference every general objection set forth above into each specific response set forth below. The failure to include any general objection in any specific response does not waive any general objection to that request. Furthermore, these Defendants reserve their right to amend their responses.

These Defendants' responses are based on information currently known to them, and they reserve the right to supplement, modify, and/or amend their responses and assert additional objections should they discover additional facts, documents, or other evidence at a later time. These Defendants further reserve the right to make use of any subsequently discovered facts, documents, or other evidence at any hearing or at trial.

**FIFTH GENERAL OBJECTION:** In view of Plaintiff's production of thousands of pages of material related to Red Rose Rescues, none of which was introduced in the liability phase, limited to the Preliminary Injunction record, and none of which is within the scope of the remedy phase of this case, these Defendants further object generally that the Discovery Requests are outside the scope of Rule 126(b)(1) based on "the parties' relative access to relevant information, the parties' resources, *the importance of the discovery in resolving the issues*, and whether the burden or expense of the proposed discovery *outweighs its likely benefit*."

## DOCUMENT REQUESTS

1) All documents and communications concerning Red Rose Rescue's organizational structure, including but not limited to documents reflecting its identity of leadership and leadership structure, executive roles, spokesperson(s), or founder(s).

    **RESPONSE:** There are no such documents in these Defendants' possession, custody or control as Red Rose Rescue has no formal legal or leadership structure or official positions as confirmed by Red Rose Rescue per Monica Miller. Statements by Monica Miller, Ph.D. concerning her philosophy and a code of conduct for those who conduct a Red Rose-style rescue, which anyone is free to do, are noted below and were already provided during the now-concluded liability phase of this case. There is nothing else to produce in this regard.

    **RESPONSE:** To the extent this Request seeks all documents and communications "reflecting" leadership and leadership structure, executive roles, spokesperson(s), or founder(s), these Defendants object that the request is vague, overly broad and calls for legal conclusions as to said roles, which do not exist formally.

    **RESPONSE:** These Defendants further object to this Request to the extent it appears to seek the names of persons who have not been sued herein, have no liability to Plaintiff, and cannot be added to this case in the remedy phase.

    **RESPONSE:** These Defendants object to this request on the ground that it violates the First Amendment's protection of freedom of expressive association, speech and assembly as to non-parties to this action and seeks private, First Amendment-protected communications that violate no law and involve no claim against these . See *Nat'l Ass'n for Advancement of Colored People v. State of Ala. ex rel. Patterson*, 357 U.S. 449, 462, 78 S. Ct. 1163, 1171–72, 2 L. Ed. 2d 1488 (1958); *Americans for Prosperity Found. v. Bonta*, 141 S. Ct. 2373, 2383, 210 L. Ed. 2d 716 (2021).

2) All documents and communications concerning Defendants' finances and expenditures related to planning, preparing for, and conducting Invasions.

    **RESPONSE:** These Defendants object to this request on the ground that it violates the First Amendment's protection of freedom of expressive association, speech and assembly as to both associates and donors and improperly seeks private, First Amendment-protected communications that violate no law. See *Nat'l Ass'n for Advancement of Colored People v. State of Ala. ex rel. Patterson*, 357 U.S. 449, 462, 78 S. Ct. 1163, 1171–72, 2 L. Ed. 2d 1488 (1958); *Americans for Prosperity Found. v. Bonta*, 141 S. Ct. 2373, 2383, 210 L. Ed. 2d 716 (2021).

**RESPONSE**: These Defendants further object to this Request because it is overly broad and seeks information that is not relevant to any claim or defense in this matter as it is not limited to the three incidents for which liability has been found, including the two Red Rose Rescues in New York at issue, and does not involve any remedy to be imposed on these defendants on account of the two Red Rose Rescues, the liability phase of this case having been concluded, per the Stipulation, based solely on the Preliminary Injunction record.

3) All documents and communications concerning efforts to recruit members, participants, donors, or partner groups.

**RESPONSE**: These Defendants object to this request on the ground that it violates the First Amendment's protection of freedom of expressive association, speech and assembly as to both associates and donors. *See Nat'l Ass'n for Advancement of Colored People v. State of Ala. ex rel. Patterson*, 357 U.S. 449, 462, 78 S. Ct. 1163, 1171–72, 2 L. Ed. 2d 1488 (1958); *Americans for Prosperity Found. v. Bonta*, 141 S. Ct. 2373, 2383, 210 L. Ed. 2d 716 (2021).

**RESPONSE**: These Defendants further object to this request because it is overly broad and seeks information that is not relevant to any claim or defense in this matter as it is not limited to the three incidents for which liability has been found and does not involve any remedy to be imposed on account of those incidents, the liability phase of this case having been concluded.

4) Documents sufficient to identify all officers, agents, servants, employees, and attorneys of Red Rose Rescue, including but not limited to:

   a) All individuals who have led trainings, recruited members, represented or spoken on behalf of Red Rose Rescue at public events, in the press, on social media, or in litigation, or held themselves out to be officers, leaders, or founders of Red Rose Rescue in any forum;

   b) All individuals who design and/or contribute to the website, conduct fundraising, draft and/or disseminate newsletters, mailings, electronic messages or social media posts on behalf of the organization, and lead or organize meetings;

   c) All individuals and groups, whether formally or informally organized, that have participated in planning, conducting, leading, promoting, or financing an Invasion or other Red Rose Rescue event, including but not limited to "Rescues";

d) All individuals and groups, whether formally or informally organized, that have received payments from Red Rose Rescue, and all documents concerning such payments;

e) All vendors and third-party contractors who have provided services to Defendants, and all documents concerning such services;

f) Any list(s) of members, participants, volunteers, or other persons who have expressed an interest in being involved in Invasions, joining Red Rose Rescue, or participating in any Red Rose Rescue event, including but not limited to "Rescues"; and

g) All attorneys, law firms, nonprofits, and legal professionals who have provided legal services to Red Rose Rescue or any Defendants.

**RESPONSE**: These Defendants object to this request, and all of its subparts, on the ground that it violates the First Amendment's protection of freedom of expressive association, speech and assembly as to non-parties to this action who have no liability to Plaintiff, including any donors or associates of these Defendants. *See Nat'l Ass'n for Advancement of Colored People v. State of Ala. ex rel. Patterson*, 357 U.S. 449, 462, 78 S. Ct. 1163, 1171–72, 2 L. Ed. 2d 1488 (1958); *Americans for Prosperity Found. v. Bonta*, 141 S. Ct. 2373, 2383, 210 L. Ed. 2d 716 (2021).

**RESPONSE**: These Defendants state that Red Rose Rescue does not have formal officers, agents, servants or employees but only participants in Red Rose Rescues. Defendants Connolly, Goodman and Hinshaw have been found to have acted on behalf of Red Rose Rescue during the two Red Rose Rescues on which the finding of liability herein was based. They did not act in any formal legal capacity as "agents" or otherwise.

**RESPONSE:** To the extent this Request seeks information concerning legal representation of any Defendant in matters other than this suit, these Defendants object on the grounds of attorney-client privilege and attorney work product, as well as their First Amendment right to speak to and associate with attorneys without being compelled to provide their identities.

**RESPONSE** These Defendants further object to this Request to the extent it is overly broad, seeks information that is not relevant to, and beyond the scope of, the remedies phase of this bifurcated case, and improperly attempts to reopen liability discovery in violation of the Stipulation between the parties by inquiring into the identities and activities of non-parties who have no connection to the incidents on which summary judgment in the now-concluded liability phase of this case was based.

Without waiving these objections, these Defendants state that no payments have been issued to anyone by Red Rose Rescue, which has no bank account or any other form of legal existence as an unincorporated association that would accommodate the making of payments.

5) All communications between Defendants and any group, whether formally or informally organized, that raises money on behalf of or provides financial support to Defendants, including but not limited to Citizens for a Pro-Life Society (CPLS), regarding the relationship between Defendants and such group(s) or funds raised or provided by such group(s) to benefit Red Rose Rescue. This includes, but is not limited to, records of all donations Defendants have received through such group(s), including any records or receipts provided to donors.

**RESPONSE:** These Defendants object to this request on the ground that it violates the First Amendment's protection of freedom of expressive association, speech and assembly as to both associates and donors, including non-parties to this action who have no liability to Plaintiffs and events not involved in this lawsuit. *See Nat'l Ass'n for Advancement of Colored People v. State of Ala. ex rel. Patterson*, 357 U.S. 449, 462, 78 S. Ct. 1163, 1171–72, 2 L. Ed. 2d 1488 (1958); *Americans for Prosperity Found. v. Bonta*, 141 S. Ct. 2373, 2383, 210 L. Ed. 2d 716 (2021).

**RESPONSE:** Without waiving these objections, Defendant Red Rose Rescue notes that it is impossible to determine who, if anyone, donated to Red Rose Rescue in particular because Red Rose Rescue has no freestanding donation system or donation account, but rather its donation button is linked to Citizens for a Prolife Society, as members of the public can see by clicking on it. There is no segregated Red Rose Rescue donation account.

**RESPONSE:** Without waiving these objections, Defendant Red Rose Rescue notes that neither Red Rose Rescue, which has no bank account or payment system, nor Citizens for a Prolife Society has provided any financial support for the planning or execution of any Red Rose Rescue in the State of New York as confirmed by Red Rose Rescue per Monica Miller.

6) All documents and communications regarding where, when, and how to conduct an Invasion, including but not limited to any documents or communications concerning internal policies, procedures, or practices for making such decisions.

**RESPONSE:** The public-facing documents published online at the following links, including the Code of Conduct, are responsive to this Request and are already known to the Plaintiff. No other such documents exist.

https://www.redroserescue.com/about
https://www.redroserescue.com/defense-of-rrr
https://www.redroserescue.com/get-involved

These Defendants further object to this request on the ground that it violates the First Amendment's protection of freedom of expressive association, speech and assembly associates and donors. *See Nat'l Ass'n for Advancement of Colored People v. State of Ala. ex rel. Patterson*, 357 U.S. 449, 462, 78 S. Ct. 1163, 1171–72, 2 L. Ed. 2d 1488 (1958); *Americans for Prosperity Found. v. Bonta*, 141 S. Ct. 2373, 2383, 210 L. Ed. 2d 716 (2021).

**RESPONSE:** These Defendants further object to this Request to the extent it is overly broad and seeks information that is not relevant to any claim or defense in this matter, in which liability has already been found as to the two Red Rose Rescues at issue and no remedy can be imposed on these defendants based on communications concerning Red Rose Rescues that are not the subject of this action.

Without waving these objections, these Defendants hereby note the prior production of (1) a Word version of the online Code of Conduct for "Red Rose Rescue" denominated BATES-RRR-0001-0009 from which private email communications have been redacted on the grounds of the First Amendment privilege asserted; (2) an article by Monica Miller, Ph.D. explaining the nonviolent, non-obstructive philosophy behind the concept of a "Red Rose Rescue", denominated BATES-RRR-0010-00011; (3) a Word document entitled "The Philosophy and Spiritual Basis of the Red Rose Rescue, Expert testimony from Monica Migliorino Miller, Ph.D. Theologian, Author and Teacher", denominated BATES-RRR-00012-00018.

7) All documents and communications regarding the obligation of members, participants, officers, agents, servants, employees, and attorneys of Red Rose Rescue and individual Defendants to comply with the preliminary injunction issued on December 15, 2023 (ECF No. 62).

**RESPONSE:** With one exception, these Defendants have no such documents beyond privileged email communication with their attorneys in this matter (there being no such communication with incarcerated Defendants Goodman and Hinshaw but only face-to-face communication with local counsel). As to that exception, these Defendants have already produced BATES-CONNOLLY-0001-0002, an email from Monica Miller regarding this lawsuit, from which private email addresses have been redacted on grounds that the identities of those persons are protected from compelled disclosure under the First Amendment rights to freedom of expressive association, speech and assembly.

8) All documents and communications concerning any facility that provides reproductive health services in the State of New York.

   **RESPONSE:** These Defendants object to this Request on the grounds that it is overly broad and unduly burdensome and seeks information that is not relevant to any claim or defense in this matter, which is now in the remedy phase.

   **RESPONSE:** These Defendants object to this request because it fails to describe with reasonable particularity the items requested.

   **RESPONSE:** These Defendants object to this Request on the grounds that it has no connection to any remedy to be imposed for the two Red Rose Rescues in the State of New York which are the only subject of the concluded liability phase of this case as to these Defendants.

   **RESPONSE:** These Defendants object to this Request on the grounds that it appears to demand that they produce any and all documents saying anything at all about any "reproductive health" facility in New York, at any time whatsoever, in violation of their First Amendment right to engage in lawful communications without compelled disclosure by the government.

9) All documents and communications concerning plans to conduct future Invasions, including but not limited to those identified as "Rescues," in New York State.

   **RESPONSE:** No such documents exist as to Rescues and none are planned in the State of New York as confirmed by Red Rose Rescue per Monica Miller. To the extent this Request seeks "documents and communications concerning plans" regarding lawful First Amendment-protected activity, including sidewalk counseling and prayer vigils and private gatherings or conferences which have no connection to any planning for Red Rose Rescues as such, these Defendants object on the previously stated First Amendment grounds, and further object that this Request is overbroad, beyond the scope of this litigation, and not within the scope of any remedy in this bifurcated case.

Dated: June 11, 2025

/s/Christopher A. Ferrara
Christopher A. Ferrara
Senior Counsel
THOMAS MORE SOCIETY
148-29 Cross Island Parkway
Whitestone, Queens, NY 11357
Tel. (718) 357-1040
cferrara@thomasmoresociety.org