UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

PEOPLE OF THE STATE OF NEW YORK,
by LETITIA JAMES, *Attorney General of the
State of New York*,

                      Plaintiff,          **ORDER**

       -against-         23 Civ. 4832 (KMK) (AEK)

RED ROSE RESCUE, *et al.*,

                      Defendants.

-------------------------------------------------------------X

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

      It is clear from the most recent submissions that despite efforts to find a mutually agreeable approach to the outstanding discovery issues in this matter, the parties remain far apart on fundamental questions about how much discovery is appropriate and what form that discovery should take.  Accordingly, Plaintiff is authorized to file a formal motion to compel discovery.  The Court recognizes that arguments already have been presented in various forms by both sides.  The formal motion practice will be an opportunity to elaborate on arguments that previously had to be addressed with the Court's tight page-limit restrictions, and to update and/or modify those arguments as appropriate based on, among other things, the lengthy colloquies that the Court had with the parties at the discovery hearings on July 29, 2025 and September 8, 2025.  The motion should address the following issues, which the Court believes are ripe for decision:

      (1)    **The appropriate scope of Defendants' responses to Plaintiff's requests for production of documents.**  This portion of the motion should include Plaintiff's current set of proposed custodians and search terms for each document request, and should indicate the ways

in which Plaintiff agrees to narrow the original requests.[1]  The Court understands from prior submissions that Defendants likely will take the position that no discovery is appropriate at all, or that discovery should be exceedingly narrow.  While the Defendants are of course free to make those arguments, the Court also encourages Defendants to consider submitting their own counter-proposals for custodians and search terms to be searched in connection with the responses to document demands.

(2)     **Defendants' responses to Plaintiff's September 12, 2025 interrogatories.**  *See* ECF Nos. 161, 162.

If Plaintiff believes that any other issues are ripe for inclusion in the motion to compel at this time, counsel must notify the Court by letter no later than November 26, 2025 to request that the scope of the motion to compel briefing be expanded.

Defendants may file their opposition to Plaintiff's motion to compel either as a single brief or as three separate submissions.  If Defendants choose to file three separate submissions, Defendants must coordinate to avoid redundancy.  That is, to the extent that Defendant Gies and Defendant Moscinski wish to join the arguments of the other Defendants, it is not necessary for them to repeat those exact arguments in their separate submissions.  Any individual submissions by Defendant Gies and/or Defendant Moscinski must focus on arguments that are unique to their particular circumstances and roles in the case.

---

[1] The Court understands, for example, that Plaintiff has made proposals for narrowing the universe of search terms for certain requests.  *See, e.g.*, ECF No. 157 at 6-7.  Even though the Court recognizes that these proposals were offered in the context of attempting to achieve a negotiated resolution, a reasonable request for relief should take into account compromises that already have been offered.

The briefing schedule will be as follows[2]:

- Plaintiff's motion to compel must be filed by December 5, 2025 (no more than 25 pages—though the Court encourages brevity).

- Defendants' opposition to the motion to compel must be filed by December 19, 2025 (no more than 25 pages—and again, the Court encourages brevity).

- Plaintiff's reply, if any, must be filed by January 6, 2026 (no more than 10 pages).

\* \* \* \* \* \* \* \* \* \*

Defendants requested that this Court "refer this matter to Judge Karas for a conference," on the ground that "Judge Karas is familiar with the applicable law and the factual record, and he understands why he granted a narrower injunction than requested by the Attorney General." ECF No. 157 at 3. Defendants maintained that "[o]nly Judge Karas knows what types of new information, if any, would inform his decision whether to expand the injunction as the Attorney General wishes." *Id.* This application is DENIED. Judge Karas referred this matter to this Court for general pretrial supervision, which includes, among other things, discovery. *See* ECF No. 66. To permit parties to return to a district judge for further guidance and direction after the district judge has referred an aspect of the case for general pretrial supervision would undermine the purpose of the referral, particularly where, as here, the magistrate judge already has spent

---

[2] With this briefing schedule, the Court is attempting to minimize interference with holiday celebrations. The Court will be flexible if the parties request adjustments to the schedule.

3

time providing input and guidance to the parties on discovery issues.  If any party takes issue with this Court's rulings on the forthcoming motion to compel—or on any other nondispositive matter—they may raise objections with Judge Karas pursuant to Rule 72(a) of the Federal Rules of Civil Procedure at the appropriate time.

Dated:  November 20, 2025
        White Plains, New York

**SO ORDERED.**

_____
ANDREW E. KRAUSE
United States Magistrate Judge